**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | : | |
| LAND'OR INTERNATIONAL, INC. | : | Case No. |
| | | Chapter 11 |
| Debtor-in-possession | : | |
| LAND'OR INTERNATIONAL, INC. | : | |
| v. | : | Adversary No. _____ |
| THE CATHEDRAL OF THE SACRED HEART | : | |
| | : | |
| and | | |
| | : | |
| ST. MARY'S ROMAN CATHOLIC CHURCH | : | |
| and | : | |
| JOHN W. HEYNER | : | |
| and | : | |
| HENRY L. VELARDE | : | |
| and | : | |
| CHRISTINA J. VELARDE | : | |
| and | : | |
| DONALD RAY ADKINS | : | |
| and | : | |
| JOAN C. ARNOLD | : | |
| and | : | |
| GABRIELLE A. BANOVAC | : | |

| | |
|---|---|
| and | : |
| ALAN L. BONNER | : |
| and | : |
| DAWN M. CHITTICK | : |
| and | : |
| SHAUN A. CHITTICK | : |
| and | : |
| DONALD V. DORMER | : |
| and | : |
| PAULA JO DORMER | : |
| and | : |
| KARL P. DUDEK | : |
| and | : |
| DEBORAH S. DUDEK | : |
| and | : |
| JAMES C. DURBIN | : |
| and | : |
| DEBBIE S. WALLACE | : |
| and | : |
| JAMES C. DURBIN | : |
| and | : |
| MARY V. RISING | : |

|  |  |
|---|---|
| and | : |
| DIXIE L. ENG | : |
| and | : |
| DIXIE L. WALKER | : |
| and | : |
| CLARENCE STEVEN WALKER | : |
| and | : |
| DAVID W. FINE | : |
| and | : |
| SHARON A. FINE | : |
| and | : |
| STANLEY J. FEUER | : |
| and | : |
| KRIS E. GABLE | : |
| and | : |
| HOLLY L. GABLE | : |
| and | : |
| CHRISTOPHER GAVINO | : |
| and | : |
| EDELYNNE AUSTRIA-GAVINO | : |
| and | : |
| JAMES L. H, | : |

|  |  |
|---|---|
| and | : |
| VERNON T. KEESEE, JR. | : |
| and | : |
| MISTY D. MERRITT | : |
| and | : |
| SHARON ANN SNEERINGER KUNTZMAN | : |
| and | : |
| JOHN CHESTER KUNTZMAN | : |
| and | : |
| ELEANOR A. LANDGRABE | : |
| and | : |
| KAREN A. LEGATO | : |
| and | : |
| PETER J. LEGATO | : |
| and | : |
| FELIX J. LIDDELL | : |
| and | : |
| JANICE W. LIDDELL | : |
| and | : |
| SCOTT MICHAEL MARCHAND | : |
| and | : |
| WILLIAM B. McMINN, JR. | : |

Case 14-03098-KLP    Doc 1    Filed 06/13/14    Entered 06/13/14 16:22:23    Desc Main
Document    Page 5 of 17

and                                          :

MICHAEL E. PACENZA                           :

and                                          :

SUSAN E. PACENZA                             :

and                                          :

HANH V. PHAM                                 :

and                                          :

LINDA N. PHAM                                :

and                                          :

ERIC DON RIGBY                               :

and                                          :

LORA L. RIGBY                                :

and                                          :

JOHN E. RYDER                                :

and                                          :

AMY R. RYDER                                 :

and                                          :

LISA STRIZZI                                 :

and                                          :

LANCE C. TATE                                :

and                                          :

BETH TATE                                    :

| | |
|---|---|
| and | : |
| AARON S. TRAVER | : |
| and | : |
| HEATHER R. TRAVER | : |
| and | : |
| CHERYL L. WALKER | : |
| and | : |
| CHERYL L. WATSON | : |
| and | : |
| RICHARD H. WALLACE, JR | : |
| and | : |
| SHERYL A.H. WALLACE | : |
| and | : |
| GRACE WHITE | : |
| and | : |
| DONALD WHITE | : |
| and | : |
| SARAH J. WILLIAMS | : |

**DEBTOR'S COMPLAINT SEEKING TO
EXTEND THE AUTOMATIC STAY TO NON-DEBTORS IN PENDING LITIGATION**

COMES NOW, Land'or International, Inc., the Debtor herein (hereinafter "LOI" or "the Debtor"), by and through its undersigned counsel and, for its Complaint against the Defendants seeking to extend the automatic stay of 11 U.S.C. § 362 (a) to non-debtor defendants in pending

litigation, states as follows:

## Jurisdiction and Venue

1. On June 6, 2014, Land'or International, Inc., the Debtor herein ("LOI" or "the Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. LOI is a debtor-in-possession and no trustee has been appointed.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code §§523 and 727 and Bankruptcy Rule 7001.

4. This case is a core proceeding pursuant to, *inter alia*, 28 U.S.C. §§157(b)(2)(A), (G), and (O).

## Parties

5. Defendants, JOHN W. HEYNER, and HENRY L. VELARDE, and CHRISTINA J. VELARDE, and DONALD RAY ADKINS, and JOAN C. ARNOLD, and GABRIELLE A. BANOVAC, and ALAN L. BONNER, and DAWN M. CHITTICK, and SHAUN A. CHITTICK, and DONALD V. DORMER, and PAULA JO DORMER, and KARL P. DUDEK, and DEBORAH S. DUDEK, and JAMES C. DURBIN, and DEBBIE S. WALLACE, and JAMES C. DURBIN, and MARY V. RISING, and DIXIE L. ENG, and DIXIE L. WALKER, and CLARENCE STEVEN WALKER, and DAVID W. FINE, and SHARON A. FINE, and STANLEY J. FEUER, and KRIS E. GABLE, and HOLLY L. GABLE, and CHRISTOPHER GAVINO, and EDELYNNE AUSTRIA-GAVINO, and JAMES L. H, and VERNON T. KEESEE, JR., and MISTY D. MERRITT, and SHARON ANN SNEERINGER KUNTZMAN, and JOHN CHESTER KUNTZMAN, and ELEANOR A. LANDGRABE, and KAREN A.

LEGATO, and PETER J. LEGATO, and FELIX J. LIDDELL, and JANICE W. LIDDELL, and SCOTT MICHAEL MARCHAND, and WILLIAM B. McMINN, JR., and MICHAEL E. PACENZA, and SUSAN E. PACENZA, and HANH V. PHAM, and LINDA N. PHAM, and ERIC DON RIGBY, and LORA L. RIGBY, and JOHN E. RYDER, and AMY R. RYDER, and LISA STRIZZI, and LANCE C. TATE, and BETH TATE, and AARON S. TRAVER, and HEATHER R. TRAVER, and CHERYL L. WALKER, and CHERYL L. WATSON, and RICHARD H. WALLACE, JR., and SHERYL A.H. WALLACE, and GRACE WHITE, and DONALD WHITE, and SARAH J. WILLIAMS (Hereinafter referred to collectively as "the Heyner Parties"), are Plaintiffs in a case pending in the Circuit Court for the County of Henrico, Case No. 14-879, seeking recovery against LOI and its wholly owned subsidiary, Club Land'or (Nassau), Ltd. ("CLO") for alleged breach of contract, fraud, and violation of the Virginia Consumer Protection Statute. The Heyner Parties are also seeking treble damages which, if granted, would result in a total claim against the estate of over $750,000, not including punitive damages.

      6. The Cathedral of the Sacred Heart ("the Cathedral") and the St. Mary's Roman Catholic Church ("St. Mary's") (the Cathedral and St. Mary's hereinafter sometimes referred to as "the Churches") are intervening Plaintiffs in a case pending in the Circuit Court for the City of Richmond, Case No.CL11-1224-4. The Churches are seeking damages, including default interest at the rate of 25% on a note generated by a suspicious transaction in 2004 engineered by Francis T. Eck, a former principal, director and shareholder of the Debtor and its subsidiaries, including CLO.

**Background and Facts**

7.  The Debtor filed its Voluntary Petition herein on June 6, 2014.

8.  The Debtor is in the business of managing resort facilities, timeshare memberships and related businesses in Nassau, the Bahamas, and in Virginia.

9.  The Debtor is a defendant in litigation pending in the Circuit Court for the County of Henrico, captioned Heyner v. Club Land'or (Nassau), Ltd., Case No. CL14-879 ("the Heyner Suit"). Club Land'or (Nassau), Ltd., a Bahamian Company domesticated in Virginia is the other named defendant in the Heyner Suit. The Suit alleges various causes of actions against the corporate defendants related to timeshare memberships that the Plaintiffs own, or allegedly own in the Club Land'or resort. The causes of action, although inartfully pled, allege breach of contract, fraud in the inducement, and violation(s) of the Virginia Consumer Protection Act. Additionally, the Complaint seeks a declaratory judgment related to the enforcability of the Members' Timeshare Contracts under the Virginia Declaratory Judgment Law (Va. Code § 8.01-184, *et seq.*

10. The Debtor is also a defendant in litigation pending in the Circuit Court of the City of Richmond, captioned Eck v. Land'or Williamsburg, LLC, Case No. CL11-1224-4 ("the Richmond Suit") and the United States District Court for the Northern District of New York.

11. The Richmond Suit was brought in 2011 by Francis T. Eck ("Eck") who, at the time, was a Shareholder, Officer and Director of LOI and its subsidiaries, CLO and Land'or Williamsburg, LLC ("LOW"). Mr. Eck died shortly after filing the suit. Two local Catholic Churches, claiming to be the beneficiaries of Mr. Eck, have since intervened in the Richmond Suit and are now the only Plaintiffs in interest. Plaintiff's in the Richmond lawsuit seek to

recover for loans allegedly made by Eck to LOW and guaranteed by the other Defendants, John Holt ("John"), Ronald Holt ("Ron") (Hereinafter John and Ron are sometimes referred to hereinafter as "the Holts" and CLO. John and Ron are officers and directors of LOI and CLO.

12. Eck (or Eck's Estate), along with Ron, is a principal and equity owner of LOI, LOW and CLO. John is a principal of LOI, LOW and CLO and an equity owner of LOW and CLO. CLO is a wholly owned subsidiary of LOI. A copy of the Organizational Chart of the Land'or Entities and their equity participants/owners is attached hereto as Exhibit A.

13. John and Ron have contribution and indemnification rights against LOI and CLO pursuant to the Articles of Incorporation of LOI, Va. Code §13.1-696, and the Articles of Association of CLO. A copy of the LOI Articles is attached hereto as Exhibit B.

14. The Richmond Suit relates to obligations allegedly owed to Mr. Eck as a result of an investment he apparently made to the LOW project in 2004. Eck represented, at the time, that the loan was made to him as "agent for an undisclosed principal" rather than for himself, an officer, director and shareholder/equity owner of LOI, CLO and LOW. The loan was guaranteed, at the request of Eck, by LOI, and the Holts.

15. LOI is the parent company of CLO. LOI's primary business is providing management, sales and support and collection services for Club Land'or and the owners of Club Land'or timeshare memberships.

16. LOI's primary income results from the services it provides to CLO, collections of past due note obligations from members, or former members, of CLO, dues of former members of CLO sent for collection, and the collection of note obligations owned by LOI. LOI also collects some note obligations assigned to it by Land'or Williamsburg, LLC ("LOW") the former

owner of Colonial Crossing, another timeshare project, located in Williamsburg, Virginia.

17. Of the notes collectable by LOI, the vast majority represent notes which are described as "Recovery Notes," obligations which include both overdue Note payments and overdue member's dues payments. Fifty percent of the income from the Notes was assigned by CLO and/or LOI to the Holts and to Eck pursuant to an Assignment titled "Shareholder Recovery Allocation Agreement" entered on September 15, 2003 and executed by the Shareholders, including Eck and the Holts and by CLO and LOI. The Recovery Notes represent a significant portion of the income used, or usable, by the Debtor to fund its reorganization and its intended plan of reorganization.

18. Most of the pending, or threatened, litigation against the Debtor and related parties is a result of the failure of one project, the LOW project in Williamsburg, Virginia. However, none of the resulting debt or claims are secured except for the assets of LOW and LOI's interest in LOW. LOW has no remaining assets of value.

19. The continuation of any lawsuit against the principals and managers of LOI and/or CLO will severely hamper and impair the Debtor's ability to reorganize, as follows:

    a. the Richmond Suit proceedings, including the preliminary matters scheduled for hearing on June 17, 2014 will become binding upon the Debtor under the collateral estoppel doctrine even thought the Debtor, through the stay, will not be a participant; and

    b. any judgment rendered against the remaining defendants in the Richmond Suit and the Heyner Suit, will effectively be judgments against the Debtor; and

    c. any judgment rendered against the remaining defendants in the Richmond Suit and the Heyner Suit, will become additional claims against the estate by those defendants as a

result of the contribution and indemnification claims against LOI;

        d. Any judgment resulting in the potential of collection action against the other defendants will jeopardize the income which the Debtor intends to use to reorganize and pay to creditors under a plan or reorganization; and

        e. continuation of the pending litigation against principals and managers of the Debtor, or its subsidiaries, will result in a diversion of resources and an inability of the Debtor to administer its Chapter 11 case, or to obtain the much needed breathing space necessary to allow the Debtor to reorganize and formulate a fair plan for the repayment of debt to all unsecured creditors.

20. Both lawsuits referenced herein, as well as two others pending against the Holts in the Northern District of New York, arise due to the failure of a project in Williamsburg which was owned by Land'or Williamsburg, LLC ("LOW"), an entity owned and controlled by LOI. The real estate owned by LOW was sold at a foreclosure sale resulting not only in a substantial shortfall but also resulting in additional losses which LOI also guaranteed or was otherwise responsible for, along with CLO and the Holts. One of those obligations is the obligation claimed by Eck, the subject of the Richmond Suit. Eck was a principal and owner of LOI, CLO and LOW at the time of the alleged loan which is the subject of the Richmond Suit.

21. The Eck lawsuit was commenced in Richmond against LOI, CLO and the Holts and is scheduled for trial on June 25, 2014. There is also a hearing scheduled for June 17, 2014 on a motion in limine filed by trial counsel for the Debtor and a Motion to non-suit LOI filed by the Plaintiff-intervenors upon learning of the bankruptcy filing by LOI.

22. Although LOI duly filed a Notice of Bankruptcy in the Eck Suit, the Plaintiffs'

counsel has continued to litigate that action, in violation of the automatic stay by, *inter alia*, filing a Motion seeking to non-suit LOI as a party defendant, filing witness and exhibit lists and responding to Motions.

23. As a result of the nature of the guarantees, and obligations asserted against the Holts and/or CLO, any judgment rendered in the pending litigation against CLO or the Holts would result in an obligation against the Debtor. Thus, despite the automatic stay, the Debtor would effectively have a judgment entered against it as a result of the continuation of the Richmond Suit.

24. The Debtor seeks time to propose a plan of reorganization which will be based upon the use of notes and receivables which are owned by CLO and/or the Holts.

<u>COUNT I</u>

**(Declaratory Relief)**

25. The Plaintiff reincorporates the allegations of paragraphs 1 through 24 hereof as if the same were spelled out hereat.

26. On June 6, 2014 the Plaintiff filed a notice of its bankruptcy filing and of the existence of the automatic stay of 11 U.S.C. § 362 (a) in the Richmond Suit. The Notice was hand delivered to counsel for the Churches on June 6, 2014.

27. On June 9, 2014 the Churches filed a Motion seeking to stay the proceedings in the Circuit Court against LOI or, alternatively, to non-suit the Richmond Suit as to LOI, only ("the churches' Motion").

28. The Churches' Motion was an effort to continue the Circuit Court litigation.

29. Upon the filing of the Debtor's bankruptcy petition, an automatic stay went into

effect freezing all litigation and other actions against the Debtor and its property.

    30.  By filing their Motion, the churches violated the automatic stay.

    31.  The filing of the bankruptcy petition by the Debtor divested the Circuit Court of all jurisdiction to hear any matter related to the Debtor in the Richmond Suit.

    WHEREFORE, as to Count I, the Debtor prays for an order:

    Determining that all actions in the Richmond Suit and the Heyner Suit are stayed pending further order of this Court and for such other and further relief as may be just and proper.

## COUNT II

**(Injunctive Relief Extending the Stay to Non-Debtor Parties)**

    32.  The Plaintiff reincorporates the allegations of paragraphs 1 through 31 herein as if the same were spelled out hereat.

    33.  The continuation of the litigation involving the Debtor and its principals, guarantors and subsidiaries is prejudicial to the Debtor and its estate and will impair the Debtor's ability to operate in Chapter 11.

    34.  The legal fees and other expenses necessary to defend the litigation now pending, or threatened against the Debtor and its principals, officers, directors, guarantors and subsidiaries will drain the estate of assets and resources necessary for an effective reorganization.

    35.  A substantial portion of the Debtor's monthly income is derived from income and fees from CLO.

    36.  The Debtor currently receives substantial income from notes identified as "Recovery Notes" which belong to CLO, and the Holts.

37. Until his death in 2011, Eck was also entitled to a portion of the Recovery Notes, but repudiated his interest in those Notes (apparently to allow for the Richmond Suit to continue).

38. A substantial part of the management of LOI and CLO is undertaken and supervised by John and Ron and the continuation of the litigation or potential litigation against them, would impair their ability to manage the Debtor.

39. John and Ron are entitled to indemnification of their debt, or potential debt in the pending litigation, or potential litigation, including, but not limited to, the Richmond Suit, the Heyner Suit and the Resort Funding Suits.

40. Any claim, lawsuit or other proceeding against John and Ron related to their guarantee of a debt owed by, or with, LOI represents a claim for indemnification against LOI and/or CLO which would include the cost of defense and all expenses incurred by the Holts.

41. Any rulings against the non-party defendants in the Richmond Suit or the Heyner Suit would be subject to collateral estoppel against the Debtor.

42. The entry of judgments against CLO, or the Holts would establish an indemnification claim against the Debtor.

43. There is such an identity (in liability) between the debtor and the non-debtor defendants or debtors in the pending litigation or claims that the debtor may be said to be the real party in interest.

44. A judgment against the third party defendant will in effect be a judgment against the Debtor.

45. The continuation of proceedings against the Debtor's insider entities and principals and managers will directly affect the Debtor, its resources, its funds for its reorganization, the

administration of its Chapter 11 estate and its ability to formulate and confirm a Chapter 11 plan of reorganization.

46. In the Richmond Suit and the Heyner Suit, the proof required to hold the non-debtor part(y)(ies) liable is identical to the proof necessary to substantiate claims against the Debtor.

47. Failure to enjoin the pending litigation and any other claims against the Debtor's subsidiaries or insiders for obligations of the Debtor as maker, co-obligor, or co-guarantor would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through the non-party defendants, the Holts, CLO and LOW.

WHEREFORE, the Plaintiff prays for an order:

1. Extending the automatic stay of 11 U.S.C. § 362 (a) to include all of the Defendants in Case No. CL11-1224-4 in the Circuit Court of The City of Richmond, and Case No. 14-879 in the Circuit Court for the County of Henrico; and

2. Extending the automatic stay of 11 U.S.C. § 362 (a) to include all actions against insiders of the Debtors related to claims or obligations in which the Debtor is an obligor or would be a party except for the filing of its bankruptcy petition; or, alternatively

3. Enjoining all actions and proceedings against the non-debtor parties in Case No. CL11-1224-4 in the Circuit Court of The City of Richmond, and Case No. 14-879 in the Circuit Court for the County of Henrico; and

4. Enjoining all actions and proceedings against insiders of the Debtor related to claims or obligations in which the Debtor is an obligor or would be a party except for the filing of its bankruptcy petition; and

5. For such other and further relief as may be just and proper.

THE STEWART LAW FIRM, PC

By: /s/ Dawn C. Stewart
    Dawn C. Stewart VSB # 27717
    1050 Connecticut Avenue, NW
    10th Floor
    Washington, DC 20036
    202-772-1080
    202-521-0616
dstewart@thestewartlawfirm.com

**HUGHES & BENTZEN, PLLC**

By: /s/ Philip J. McNutt
Philip J. McNutt (*pro hac vice* pending)
1100 Connecticut Avenue, NW
Suite 340
Washington, DC 20036
202-293-8975
202-293-8973 (fax)
Pmcnutt@hughesbentzen.com

PROPOSED CO-COUNSEL FOR THE DEBTOR